UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **Y.P.V.R.** | **CIVIL ACTION NO. 3:26-CV-00421** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **KRISTI NOEM, ET AL.** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (doc. 7) filed by Y.P.V.R. ("Petitioner") through counsel. Petitioner is an immigration detainee at the Richwood Correctional Center in Monroe, Louisina, seeking release from detention. According to the petition, Y.P.V.R. is a native and citizen of Venezuela who was "lured to the United States by a human trafficker… and arrived in this country with her son in or around August 2023." Doc. 1, p. 9. Upon her arrival, Y.P.V.R. and her son were met and detained by U.S. immigration authorities, who released them both on their own recognizance with Intensive Supervision Appearance Program ("ISAP") monitoring. *Id*. On January 30, 2026, Y.P.V.R. attended a routine ISAP check-in and at that appointment was detained. *Id*.

Petitioner challenges the lawfulness of her continued immigration detention. She therefore seeks an order from this Court declaring her continued and prolonged detention unlawful and ordering Respondents to release her forthwith from their custody. Petitioner asks the court to order the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr*. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 7) is **GRANTED**.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within <u>21 days</u> of the date of this Order. Petitioner shall have <u>seven days</u> to reply. After the record is complete and delays have run, the court will determine

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).

if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

The Clerk of Court is **INSTRUCTED** that Shannon Smitherman with the U.S. Attorney's Office is to be provided a copy of this Order via email and granted access to the Petition for Writ of Habeas Corpus (doc. 1) and the docket in this matter.

**THUS DONE AND SIGNED** in chambers this 25th day of February, 2026.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**